UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADE BROWN, # 884273,                )
                                    )
              Plaintiff,           )    Case No. 1:17-cv-282
                                    )
v.                                  )    Honorable Paul L. Maloney
                                    )
REID DESROCHERS, et al.,            )
                                    )
              Defendants.          )
_____ )

**REPORT AND RECOMMENDATION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff complaint arises out of conditions of his confinement at the Ionia Correctional Facility. The Michigan Department of Corrections defendants are Sergeant Reid Desrochers, Corrections Officers Ronald Stambaugh, Michael Enderle, Micah Fracker, Glenda Carlisle, and Shane Tumbleson, and Registered Nurse Keith Sikkema. Plaintiff alleges that, on June 1, 2016, all these defendants used excessive force against him in violation of his Eighth Amendment rights. In addition, plaintiff alleges that on the same date, Nurse Unknown Thompson was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.[1]

      The matter is before the Court on a motion for summary judgment by all defendants other than defendant Thompson, based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).

---

[1] All other claims have been dismissed. (ECF No. 9, 10).

(ECF No. 21). Plaintiff opposes the motion. (ECF No. 31, 35). For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that all plaintiff's claims against defendants Desrochers, Stambaugh, Enderle, Fracker, Sikkema, Carlisle, and Tumbleson be dismissed without prejudice.

### Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*,

398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  The

Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### **<u>Standards Applicable to the Affirmative Defense<br>of Failure to Exhaust Remedies</u>**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the

prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Preliminary Matters**

Plaintiff's amended complaint is not properly verified, as he has interjected the limitations that the allegations are made 'to the best of [his] knowledge, belief and

---

[2] A copy of the policy directive is found in the record. *See* ECF No. 22-2, PageID.178-84.

-6-

understanding."³ (*See* ECF No. 8 at PageID.65, 66). Plaintiff's brief incorporates the same limitations. (ECF No. 31, PageID.244). His sur-reply brief adds the limitations that the "foregoing is true to the best of [his] knowledge, wisdom and understanding." (ECF No. 35, PageID.262).

"[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). Accordingly, plaintiff's amended complaint will not be considered as his affidavit in opposition to defendant's motion. *See, e.g., Brown v. City of Grand Rapids*, No. 1:13-cv-964, 2016 WL 4920144, at *3 n.3 (W.D. Mich. June 13, 2016); *Naumovski v. Federal Nat'l Mort. Ass'n*, No. 15-11466, 2016 WL 949220, at *2 (E.D. Mich. Mar. 14, 2016).

"Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys.*, LLC, 357 F. App'x 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

---

³ Plaintiff has demonstrated that he knows how to make an unambiguous and unrestricted declaration under penalty of perjury as required by 28 U.S.C. § 1746, by stating: "I declare under penalty of perjury that the foregoing is true and correct." (ECF No. 26 at PageID.229).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) during the period at issue. The defendants were MDOC employees at ICF during this period.

Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 22-3, PageID.186-215) One grievance is related to plaintiff's claims and therefore warrants further discussion.

On June 23, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF 2016-06-803-28e. (ECF No. 22-3, PageID.206). Plaintiff wrote this grievance on June 21, 2016, and he identified the date of the incident as June 1, 2016. (*Id.*). Plaintiff complained that, on the morning of June 1, 2016, he had been taken from his cell and placed in restraints by Sergeant Desrochers, and Corrections Officers Stambaugh, and Tumbleson. Plaintiff complained that he was kept in restraints for fourteen hours. Corrections Officers Enderle, Fracker, and Carlisle did not remove the restraints when plaintiff asked them to do so. Nurses did not help when plaintiff asked for assistance. (*Id.*).

Nothing on the face of plaintiff's grievance asserted it was the re-filing of an earlier grievance that had not been processed by ICF's grievance coordinator. (ECF No. 22-3, PageID.206). Plaintiff's Step II and III appeals (*Id.* at PageID.208-09) are also devoid of any claim that Grievance No. ICF 2016-06-803-28e was the re-filing of an earlier grievance.

Plaintiff's grievance was rejected at Step I. (*Id.* at PageID.207). He pursued unsuccessful Step II and III appeals. His Step III appeal was rejected because it was untimely. (*Id.* at PageID.205).

On March 29, 2017, plaintiff filed this lawsuit.

## Discussion

### I. Motion for Summary Judgment

All defendants other than defendant Unknown Thompson have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).

Plaintiff seeks to avoid summary judgment in favor of the moving defendants by arguing that he wrote a grievance on June 3, 2016, that was never assigned a grievance number and he never received a response. (Plf. Brief at 2-7, ECF No. 31, PageID.239-44; Sur-reply Brief at 2-3, ECF No. 35, PageID.261-62). Plaintiff's argument is untenable on this record. Grievance No. ICF 2016-06-803-28e did not indicate that it was the re-riling of an earlier grievance. (ECF No. 22-3, PageID.206). Plaintiff's Step II and III appeals (*Id.* at PageID.208-09) are also devoid of any claim that it was the re-filing of an earlier grievance.

Exhaustion analysis is patterned after habeas corpus procedural default analysis. The pivotal question is whether the Step III decision, the last decision, was based on the enforcement of a procedural bar. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *see also Reynolds-Bey v. Harris*, 428 F. App'x 493, 502 (6th Cir. 2011) (The Step III decision is "the equivalent of the last state court [decision] in

[a] habeas [case.]"). Here, Grievance No. ICF 2016-06-803-28e was rejected at Step III because it was untimely. The Court honors procedural rules that prison officials enforce. *See Reed-Bey v. Pramstaller*, 603 F.3d at 326; s*ee also Doss v. Mackie*, No. 2:16-cv-135, 2017 WL 6047754, at *4 (W.D. Mich. Nov. 7, 2016) ("[W]here a Step III response rejects a grievance for failing to follow MDOC grievance procedure, the grievance cannot be considered properly exhausted under the policy.").

Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not properly exhaust his claims against defendants before he filed this lawsuit. Accordingly, I find that defendants Desrochers, Stambaugh, Enderle, Fracker, Sikkema, Carlisle, and Tumbleson have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motion for summary judgment (ECF No. 21) be granted and that all plaintiff's claims against defendants Desrochers, Stambaugh, Enderle, Fracker, Sikkema, Carlisle, and Tumbleson be dismissed without prejudice.

Dated: February 7, 2018          /s/ Phillip J. Green  
                                                    PHILLIP J. GREEN  
                                                    United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).