UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ADE BROWN, | ) |
| Plaintiff, | ) |
| | ) No. 1:17-CV-282 |
| v. | ) |
| | ) HONORABLE PAUL L. MALONEY |
| REID DESROCHERS, ET AL., | ) |
| Defendants. | ) |
| | ) |

## ORDER

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. The suit arises out of the conditions of Plaintiff's confinement at the Ionia Correctional Facility. He alleges that on June 1, 2016, the Defendants used excessive force against him, violating the Eighth Amendment.

All Defendants except Unknown Thompson have moved for summary judgment, based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e. The matter was referred to the magistrate judge for an R & R, which issued on February 7, 2018.

The magistrate recommended granting the motion for summary judgment over Plaintiff's argument that he had exhausted a grievance written on June 3, 2016 because prison authorities never issued a grievance number to it or responded to it. Plaintiff supported his claim with a second grievance filed June 21, 2016, which he said was a re-filing of the original grievance. The magistrate rejected the argument, finding that nothing on the face of the June

21 grievance indicated that it was a refiling of an earlier grievance, nor was there any mention of the earlier grievance in Plaintiff's Step II and III appeals of the June 21 grievance.

The matter is now before the Court on Plaintiff's objections. He objects to the magistrate's conclusion that he failed to exhaust on the basis of the June 3, 2016 grievance and says that the top section of the June 21, 2016 grievance references the prior grievance.

However, the section Plaintiff references is illegible. The only words that can be made out definitively are the first two—"Failure to . . . ." (ECF No. 22-3 at PageID.206.)

In his objections, Plaintiff purports to file another copy of the same grievance where the first section clearly states "failure 2 [sic] resolve this is my 2nd time grieving this issue." The Court does not believe this to be an authentic document for several reasons. First, the true copy on the record clearly shows the first words as "failure to" while Plaintiff's new copy uses the numeral "2" in its place. (*Compare* ECF No. 22-3 at PageID.206 *with* ECF No. 43-1 at PageID.324.) Plaintiff's name in the copy on the record is listed as "Ade Brown" but appears as "A. Brown" on his attached copy. The last word of the first section—"issue"—also appears on Plaintiff's copy on a second line to the left and below "failure" in very dark markings that appear to have been traced over multiple times. No such marking appears on the copy in the record. (ECF No. 22-3 at PageID.206.)

Additionally, Plaintiff's copy was not attached to his response to the motion for summary judgment and was not considered by the magistrate or the Defendants—it only was produced as an attachment to Plaintiff's objections. (ECF No. 43-1 at PageID.324.) The Court does not find the form to be authentic, and at any rate, it is irrelevant because it was

never properly before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).

Defendants have met their burden by showing that Plaintiff did not exhaust any grievances relating to the legal issues at stake. Plaintiff argues that the Defendants were required to prove that they did not interfere with the June 2 grievance, but that is not the case. Once the Defendants have met their burden of showing that no exhausted grievances existed, the burden shifts to the Plaintiff to create a genuine dispute of fact relating to exhaustion through evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see, e.g., Rumsey v. Michigan Dept' of Corr.*, No. 1:10-cv-880, 2013 WL 5517888, at *6 (W.D. Mich. 2013). Plaintiff has not produced any other evidence that his June 2 grievance was disregarded by prison authorities, so he has not met his burden. Accordingly, the Court agrees with the magistrate's conclusion that Plaintiff did not exhaust his claims.

**THEREFORE,**

**IT IS ORDERED** that the February 7, 2018 R & R (ECF No. 39) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the R&R (ECF No. 143) are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendants Desrochers, Stambaugh, Enderle, Fracker, Carlisle, Tumbleson, and Sikkemer's motion for summary judgment is **GRANTED** and Plaintiff's claims against them be **DISMISSED WITHOUT PREJUDICE.**

**Date:** March 1, 2018 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge