UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADE BROWN, #884273,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Case No. 1:17-cv-282
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Honorable Paul L. Maloney
DESIREE THOMAS, R.N.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)
_____)

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Ionia Correctional Facility. Plaintiff alleges that on June 1, 2016, Desiree Thomas, R.N., was deliberately indifferent his serious medical needs in violation of his Eighth Amendment rights.[1]

The matter is before the Court on plaintiff's third motion for entry of a default judgment (ECF No. 70), and defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (ECF No. 50).[2] For the reasons set forth herein, I recommend that

---

[1] All other claims have been dismissed. (ECF No. 9, 10, 46).
[2] The parties' failure to comply with the requirements of the Local Civil Rules is an ongoing problem. Defendant's motion does not indicate what effort she made to ascertain whether plaintiff would oppose her motion before she filed it. *See* W.D. MICH. LCIVR 7.1(d). Plaintiff filed an unauthorized sur-reply brief (ECF No. 93) in opposition to defendant's motion. *See* W.D. MICH. LCIVR 7.2(c). Although dismissing

the Court deny plaintiff's motion, grant defendant's motion, and enter a judgment dismissing plaintiff's claim against defendant without prejudice.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with

---

defendant's motion without prejudice, disregarding plaintiff's unauthorized sur-reply brief, and requiring the parties to start over with a new motion and briefing is an available option, here it would result in a needless waste of judicial resources and unnecessary delay in resolving a case that has been pending for almost two years. Defendant's motion and plaintiff's sur-reply brief are considered herein.

affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). In other words, the movant with the

burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[3] A copy of the policy directive is found in the record. (*See* ECF No. 22-2, PageID.178-84).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) during the period at issue. Desiree Thomas, R.N., was an employee of Care One, Inc., and she provided ICF prisoners with medical care during this period. (Thomas Aff. ¶¶ 2-3, ECF No. 50-2, PageID.370).

Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 22-3, PageID.186-215). One grievance is related to plaintiff's claims; accordingly, it warrants further discussion.

On June 23, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF 2016-06-803-28e. (ECF No. 22-3, PageID.206). Plaintiff wrote this grievance on June 21, 2016, and he identified the date of the incident as June 1, 2016. (*Id.*). Plaintiff complained that, on the morning of June 1, 2016, he had been taken from his cell and placed in restraints by Sergeant Desrochers, and Corrections Officers Stambaugh, and Tumbleson. Plaintiff complained that he was kept in restraints for fourteen hours. Corrections Officers Enderle, Fracker, and Carlisle did not remove the restraints when plaintiff asked them to do so. Nurses did not help when plaintiff asked for assistance. (*Id.*).

Nothing on the face of plaintiff's grievance asserted that it was the re-filing of an earlier grievance that had not been processed by ICF's grievance coordinator. (*Id.*). Plaintiff's Step II and III appeals (*Id.* at PageID.208-09) are also devoid of any

claim that Grievance No. ICF 2016-06-803-28e was the re-filing of an earlier grievance.

Plaintiff's grievance was rejected at Step I. (*Id.* at PageID.207). He pursued unsuccessful Step II and III appeals. His Step III appeal was rejected because it was untimely. (*Id.* at PageID.205).

On March 29, 2017, plaintiff filed this lawsuit.

## Discussion

I.     Motion for Entry of a Default Judgment

On May 23, 2018, plaintiff filed his third motion for entry of a default judgment. (ECF No. 70). "Default is a prerequisite [ ] to entry of a default judgment under FED. R. CIV. P. 55(b)." *Briggs v. Burke*, No. 1:13-cv-1160, 2015 WL 5714520, at *15 (W.D. Mich. Sept. 29, 2015) (citation and quotation omitted). Defendant is not in default. (ECF No. 67, 74). Accordingly, I recommend that the Court deny plaintiff's third motion for entry of a default judgment.

II.     Motion for Summary Judgment

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion analysis is patterned after habeas corpus procedural default analysis. The pivotal question is whether the Step III decision, the last decision, was based on the enforcement of a procedural bar. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *see also Reynolds-Bey v. Harris*, 428 F. App'x 493, 502 (6th Cir. 2011) (The Step III decision is "the equivalent of the last state court [decision] in

[a] habeas [case.]"). Here, Grievance No. ICF 2016-06-803-28e was rejected at Step III because it was untimely. The Court honors procedural rules that prison officials enforce. *See Reed-Bey v. Pramstaller*, 603 F.3d at 326; s*ee also Doss v. Mackie*, No. 2:16-cv-135, 2017 WL 6047754, at *4 (W.D. Mich. Nov. 7, 2016) ("[W]here a Step III response rejects a grievance for failing to follow MDOC grievance procedure, the grievance cannot be considered properly exhausted under the policy.").

On March 1, 2018, the Court entered its order overruling plaintiff's objections, adopting a report and recommendation, and dismissing plaintiff's claims against other defendants for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). The Court rejected plaintiff's argument that he exhausted his claims through a June 2, 2016, grievance because prison authorities never issued a grievance number or responded to it. (Order, 1, ECF No. 46, PageID.336). Plaintiff attempted to support his argument "with a second grievance filed on June 21, 2016, which he said was a re-filing of the original grievance." (*Id.*). The Court found that the true copy of the June 21, 2016, grievance did not contain any legible reference to an earlier grievance. (*Id.* at 2, PageID.337). Further, the purported copy of the same grievance containing a reference to an earlier grievance (ECF No. 43-1, PageID.324) was not authentic.[4] (Order at 2, PageID.337). Plaintiff's purported June 2, 2016,

---

[4] The Court listed three reasons why it found that the proffered evidence was not authentic:
> First, the true copy on the record clearly shows the first words as "failure to" while Plaintiff's new copy uses the numeral "2" in its place. (*Compare* ECF No. 22-3 at PageID.206 *with* ECF No. 43-1 at PageID.324.) Plaintiff's name in the copy on the record is listed as "Ade Brown" but

grievance (ECF No. 43-1, PageID.320) was not sufficient to "create a genuine dispute of fact relating to exhaustion[.]" (Order, 3, PageID.338).

Plaintiff relies on essentially the same evidence and argument here.[5] (ECF No. 80. PageID.510-13; ECF No. 80-1, PageID.515-21; ECF No. 93, PageID.620-24; ECF No. 93-1, PageID.626-27). For the reasons stated in the March 1, 2018, Order, plaintiff's argument should be rejected. Plaintiff did not properly exhaust his claim against defendant before he filed this lawsuit. Accordingly, I find that defendant Thomas has carried her burden on the affirmative defense and is entitled to dismissal of all of plaintiff's claims.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court deny plaintiff's third motion for entry of a default judgment (ECF No. 70), grant defendant's motion for summary judgment (ECF No. 50), and enter a judgment dismissing plaintiff's claim against defendant without prejudice.

---

appears as "A. Brown" on his attached copy. The last word of the first section—"issue"—also appears on Plaintiff's copy on a second line to the left and below "failure" in very dark markings that appear to have been traced over multiple times. No such marking appears on the copy in the record. (ECF No. 22-3 at PageID.206.).

[5] Plaintiff argues that he presented "new documents" (ECF No. 93, PageID.622), but I find that none of the documents he filed in response to defendant's motion for summary judgment undermine the Court's determination that purported copies of the June 21, 2016, grievance containing clear references to a prior grievance are not authentic.

| | |
|---|---|
| Dated:   January 7, 2019 | /s/  Phillip J. Green<br>PHILLIP J. GREEN<br>United States Magistrate Judge |

### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).