UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADE BROWN,
   Plaintiff,

v.           No. 1:17-CV-282

            HONORABLE PAUL L. MALONEY

DESIREE THOMAS,
   Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

   This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. The suit arises out of the conditions of Plaintiff's confinement at the Ionia Correctional Facility. He claims that Defendant Desiree Thomas was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. The matter is now before the Court on Plaintiff's objections to the Report and Recommendation, which recommended granting Thomas' motion for summary judgment and denying Plaintiff's motion for a default judgment.

   With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's objections are not numbered and span more than ten pages. However, Plaintiff generally has three objections—two procedural and one substantive.

First, Plaintiff's procedural objections are easily dispatched. He asserts that the magistrate judge erred by concluding that his sur-reply brief to Thomas's motion for summary judgment was "unauthorized." Under the Court's Local Rules, parties must seek leave of Court prior to filing a sur-reply. *See* W.D. Mich. LCivR 7.2(c). Based on application of the Local Rules, the magistrate judge accurately concluded that Plaintiff's sur-reply was improper. However, the magistrate also explicitly stated that he would consider the brief, despite Plaintiff's violation of the Local Rules—in part because Defendant had also violated other portions of the Local Rules—to best effectuate judicial efficiency. (ECF No. 95 at PageID.631 n.2.) Thus, there is no harm for the Court to remedy, and even if the magistrate judge had *not* considered the sur-reply, it would not have been error.

Second, Plaintiff objects to the magistrate's recommendation that his motion for a default judgment be denied. The magistrate judge concluded that because default had never entered as to Defendant Thomas, Plaintiff's motion for a default judgment must be denied. As a matter of black letter law, the magistrate judge correctly concluded that "default is a prerequisite [] to entry of a default judgment." *Briggs v. Burke*, 2015 WL 5714520, at *15 (W.D. Mich. Sept. 29, 2015) (citations omitted). Plaintiff's objection is overruled.

Finally, Plaintiff devotes the remainder of his objections to what amounts to a second motion for reconsideration of the Court's March 1, 2018 Order. The Court has already once rejected such a motion. Plaintiff reprises his argument that summary judgment on the basis of administrative exhaustion is inappropriate because he filed a grievance that was never acted on June 2, 2016. However, as the magistrate judge noted, the Court has already held that the purported June 2 grievance was not sufficient to create a genuine dispute of fact relating to exhaustion. (ECF No. 46 at PageID.337.) Plaintiff's objections provide no new insight into this issue.

Accordingly, the Court **ADOPTS** the Report and Recommendation as the Opinion of the Court (ECF No. 95), **OVERRULES** Plaintiff's objections (ECF Nos. 96–97), **GRANTS** Defendant's motion for summary judgment, and **DENIES** Plaintiff's motion for a default judgment.

**Date:** March 5, 2019 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge